CAROLINE S. SWETT *vs.* CADIS B. BOYCE & others.

Suffolk.  Nov. 15, 1882. — March 2, 1883.  W. ALLEN & HOLMES, JJ., absent.

A. bought goods under a contract in writing by which the title to the goods was to remain in the seller until paid for by instalments. Subsequently, A. bought other goods from time to time, and at each time a schedule of the goods was entered upon the original contract, and A. signed an agreement upon the same instrument, stating that he authorized the additions to the within "upon the same terms, conditions and agreements" as therein contained. A. made payments from time to time, for which receipts were given "as per lease." The entire amount due not having been paid, the seller took possession of the goods under the contract, and A. replevied the goods. At the trial of the action, there was no evidence as to the appropriation of any of the payments, by either party, to any particular portion of the goods. *Held,* that these facts would warrant a finding that the successive purchases were intended to be separate contracts; and that a ruling was right, that the payments should be applied to the earliest items of the account; and that when they amounted to the price of the goods bought at any one time, there was a payment for that lot.

A., who had possession of chattels under a contract of sale by which they were to become his property on payment for them, assigned his interest in the contract to B., and took a writing from B., which stated that A. was to have the chattels on payment of an amount advanced. A. retained possession of the chattels, and paid B. the amount advanced, but no reassignment of the contract was made. Subsequently the seller of the chattels took possession of them for an alleged breach of the contract of sale. *Held,* that the transactions between A. and B. did not prevent A. from maintaining an action of replevin.

A. was in possession of chattels bought under different contracts from B., by the terms of which the chattels were to become A.'s property when paid for. Being notified by B. that he would take possession of the chattels for breach of the contract, A. applied to C. for assistance, representing that a certain sum was due on account of the chattels, but saying nothing as to that sum being due upon any particular part of them. C. declined to assist A., and subsequently bought B.'s interest in the contracts for the sum which A. had represented was due, and took possession of all the chattels. *Held,* in an action of replevin by A. against C., that A. was not estopped to deny that the amount he represented as due did not apply to any particular chattels.

If goods are sold to A., under an agreement that they shall be paid for by instalments and shall become the property of the purchaser when paid for, a payment made by a third person who has bought the interest of the seller in the contract does not enure to the benefit of A.

If B. sells goods to A. by a conditional sale, and afterwards takes possession of them for an alleged breach of condition, and sells them to C., in whose possession they are when taken by A., by a writ of replevin, the joinder of B. as a party defendant is wrongful.

REPLEVIN of a lot of household furniture, against Cadis B. Boyce and William Boyce, copartners doing business under the name of Boyce Brothers, and John A. Clark.  Writ dated

December 22, 1879. Trial in the Superior Court, without a jury, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff obtained a lot of goods to the amount of $745.79, on March 8, 1875, under an agreement signed by her, which, after setting forth a schedule of the goods, the price of each article and the aggregate price, proceeded as follows:

"I have this day received of Boyce Bros. the merchandise named in the foregoing schedule, upon a conditional contract of sale, the condition being, that if I pay said Boyce Bros. nothing dollars on the day of the date hereof, and fifty dollars on or before the eighth day of April, and the same sum on or before the same day in each and every of the following months, from the date hereof, until the whole amount shall have been paid, then said merchandise is to become my property. I am to retain said merchandise for my own use, in the premises now occupied by me, at No. 10 Davis Street, Boston, Massachusetts, and it is not to be removed therefrom without the written consent of said Boyce Bros. In case said merchandise is attached, seized on execution, or liable to be disturbed from any other cause, I agree to give said Boyce Bros. immediate notice. If default is made in the payment of any of the sums above specified, or in the performance of any agreement herein contained, said Boyce Bros., or their agents, may without notice, immediately or at any time thereafter, enter upon my premises, and take possession of said merchandise, and thereupon all claim or right on my part under this contract shall cease and determine; and I agree to deliver said merchandise to said Boyce Bros. in as good order and condition as the same now is, reasonable use and wear thereof excepted."

On March 23, the plaintiff obtained of the Boyces goods to the amount of $140; on April 9, goods to the amount of $400.78; on August 6, goods to the amount of $48; and on January 1, 1876, goods to the amount of $250.99. At each of these times a schedule of the goods was made on the original instrument, and the plaintiff at each time signed an indorsement upon said instrument as follows: "I hereby authorize the additions to the within, of this date, upon the same terms, conditions and agreements as within contained."

Payments were made by the plaintiff to Boyce Brothers from time to time. The first payment was on April 8, 1875, of $50; the second payment was on May 10, of $52; and prior to August 6, the plaintiff had made various payments, amounting in all to $610. The payments during the year 1875 amounted to $711, and those during the year 1876 to $531.50. Receipts were given for the sums of money paid "as per lease." There was no evidence as to the appropriation of any of the payments, by either party, to any particular portion of said articles.

On April 29, 1878, the plaintiff executed the following assignment on the back of the contract of sale: "For value received, I hereby assign to Mrs. Julia A. Gould all my interest in the within contract." At the same time she received from Gould a written agreement, signed by Gould, as follows: "This is to certify that Miss C. S. Swett has this day made an assignment to me of a certain lease held by Boyce Brothers, on household furniture now in house No. 10 Davis Street, Boston, with the understanding that the said C. S. Swett is to have said goods after she shall have paid me the amount I have advanced her." There was no evidence of any formal reassignment to the plaintiff by Gould; but it appeared that the plaintiff had repaid Gould all the money which said assignment was made to secure, prior to September 1, 1878.

In April 1879, Boyce Brothers contended that the plaintiff was in arrears over $600 in her payments, and notified her that they would take possession of said furniture, unless some satisfactory arrangement was made at once, whereby prompt payment of the balance due them should be secured; and at the same time offered to accept $400 in settlement of said balance if paid immediately. The plaintiff appealed to the defendant Clark, then her landlord, to assume her indebtedness to Boyce Brothers for the furniture, which she represented to be $400, and to allow her to repay him by increased payments of house rent and otherwise, as they might arrange. Nothing was said as to the $400 being due upon any particular part of the furniture. After some negotiations, the defendant Clark refused to accede to the plaintiff's proposal, and told the defendants Boyce Brothers that he would have nothing to do with her in the premises; but, early in May following, he entered into a verbal agreement with

Boyce Brothers, upon his own account and for his own benefit, and not in behalf of the plaintiff, whereby he undertook to pay to Boyce Brothers $400 in equal monthly instalments of $50 each, in consideration that they should assign all their interest in the premises to him. It appeared that the plaintiff knew that some arrangement had been made between Clark and Boyce Brothers, but not that she knew what it was. No demand was thereafter made upon her by Boyce Brothers for payments on account of the furniture, and no further payments were made by her. Clark continued to make said monthly payments of $50 regularly to said Boyce Brothers, and the plaintiff remained in the possession and use of the house and furniture.

On or about September 15, 1879, William Boyce, one of the defendants, in behalf of Boyce Brothers, entered the plaintiff's house with the defendant Clark, and Clark asked him to take possession of the furniture in question; and Boyce thereupon took possession of all the furniture scheduled on the conditional bill of sale and the several additions thereto, claiming the right so to do on account of the failure of the plaintiff to make payment, and thereupon put the same into the possession and custody of the defendant Clark. The plaintiff was at the same time ejected from the house, as a tenant, by legal process, and deprived of all further use of the furniture. No demand had been made by her before the service of this writ for said furniture, or for any portion thereof.

The defendant Clark continued to make said monthly payments to Boyce Brothers, until the whole sum of $400 had been paid by him, the last of these payments being made on December 18, 1879, on which day Boyce Brothers made a written assignment of all their right, title and interest in the furniture to Clark; and thereafter Boyce Brothers neither had, nor claimed to have, any right, interest or title in, or custody or control of, said furniture, or any portion thereof.

The plaintiff's counsel requested the judge to rule as follows: "1. Boyce Brothers having agreed, in May 1879, to accept from Clark $400, in equal monthly instalments of $50, for the balance that they claimed to be due them on the bill of sale, and thereafter receiving such instalments without having repossessed themselves of the furniture, thereby waived and became devested of

their right to take possession on account of any prior breach of condition; and, there being no evidence of any subsequent breach, the taking possession by Boyce was wholly tortious. 2. The Boyces, having taken possession of the furniture with the knowledge and complicity of Clark, if such taking was tortious, could not avoid a joint liability with Clark to the action, by a subsequent assignment to him of all their right, title and interest in the furniture."

The judge declined so to rule, holding that the first request was based upon an erroneous view of the evidence; that the second request was based upon an erroneous assumption of the tortious character of the taking, and, even upon that assumption, was not correct law as applied to the action of replevin.

The defendant Clark requested the judge to rule as follows: " 1. If the defendant Clark paid Boyce Brothers $400, upon or by reason of representations made by the plaintiff to him that that amount was due Boyce Brothers, she is estopped to deny it now, and is estopped, as to him, to deny that that amount did not apply to any particular goods. The additions to the lease subsequent to March 8, 1875, under the agreements and payments in respect to the same, were not independent and distinct purchases, but the goods so added became a part of and subject to the original contract, and to the conditions expressed in that contract so far as applicable, and did not become the property of the plaintiff unless the total amount of said lease 'agreement was fully paid by her. 2. The goods obtained on March 8 and March 23, 1875, did not become the absolute property of the plaintiff on the payments by her, made generally on the contract or lease, of a sum equal to the price named for said goods. 3. Even if the plaintiff could or might have maintained an action for a part or some of the articles, yet if they were all mingled together, and she, before service of the action, made no demand for any particular goods, and did not point out or designate or specify the goods which she then might have replevied, this action will not lie even as to such goods. 4. If the defendant Clark acquired or had a lien on the goods, and possession of them, by or in consequence of his payment of $400, on the plaintiff's statements or representations that that sum was due on them, he (Clark) could hold all. the goods until all that sum

was repaid him. 5. If, upon the facts, the plaintiff cannot maintain the action as to all articles, she cannot as to any part of them. If there was not a reassignment of the lease agreement to the plaintiff by Julia A. Gould, the plaintiff cannot maintain this action."

The judge refused so to rule, and ruled and held, in relation to the points covered by the above requests, that, upon the facts found, no estoppel arose between the plaintiff and Clark; that the successive purchases were upon separate contracts, though identical in nature, and that, as matter of law, the payments of cash made by the plaintiff should be applied to the earliest indebtedness, and when they equalled the aggregate price of any such separate lot, it operated as a payment for such lot, and vested the property in the plaintiff; that the defendant Clark had no lien upon the goods so paid for, to secure his payments to Boyce Brothers; and that, under the facts proved, no formal reassignment was necessary from Mrs. Gould, nor any demand prior to suit. And upon the whole case, the judge, having found, upon this view of the law, that the goods purchased on March 8 and 23 had been fully paid for by the plaintiff, ordered a judgment for the plaintiff as to those, and a judgment for the defendant Clark as to the residue of the replevied property.

A general judgment for the other defendants was ordered, upon the ground that no action would lie against them, because at the date of the writ and at the time of its service they neither had nor claimed to have any possession of any of the property.

The plaintiff and the defendant Clark duly excepted to the refusal to rule as they requested, and to the adverse rulings.

G. H. Kingsbury, for the plaintiff.

C. F. Loring, for Clark.

J. B. Richardson, for the other defendants.

FIELD, J. It is perhaps not a pure question of law, whether, on the facts found, the successive purchases of goods are to be regarded as made under one entire contract or under separate contracts. The parties may have intended that the goods purchased after the first agreement should be held under the original agreement, in the same manner and with the same rights in each party as if they had been a part of the original purchase, or that each successive lot of goods purchased should be held as

a separate purchase upon the same terms and conditions as are contained in the original agreement. The precise question is, whether it was the intention of the parties, as expressed in the written agreements, construed in reference to the circumstances under which they were made, and the conduct of the parties, that the title to the goods first purchased should pass to the plaintiff, if and when she paid for them according to the terms of the agreement under which she first purchased them, or should not pass to her unless and until she also performed the agreements subsequently made, when from time to time other goods were delivered to her. A similar question arises in regard to the goods delivered on March 23. The plaintiff once had the right to obtain the title to the goods first purchased by paying for them according to her agreement of March 8. Whether she had waived or lost this right by her subsequent purchases and agreements was the question in dispute.

We are of opinion that it was competent for the justice before whom this case was tried to find, on the evidence reported and the facts found, that the successive purchases were in this respect intended to be and were upon separate contracts; that it does not appear that in so finding he violated any principle of law; and that, although it appears by the report that he so " ruled and held," this is not to be considered as a ruling that this conclusion necessarily follows, as matter of law, from the facts found, but as a ruling that such a conclusion is warranted in law by the facts found, and is the actual conclusion drawn by him.

The ruling " that, as matter of law, the payments of cash made by the plaintiff should be applied to the earliest indebtedness " was justified by the facts found, including the fact that " there was no evidence as to the appropriation of any of the payments, by either party, to any particular portion of said articles." *Crompton* v. *Pratt*, 105 Mass. 255. *Worthley* v. *Emerson*, 116 Mass. 374. It follows necessarily from the preceding findings and rulings, that, when these payments " equalled the aggregate price of any such separate lot, it operated as a payment for such lot, and vested the property in the plaintiff."

The assignment to Julia A. Gould by the plaintiff, if it be considered as an assignment of property in personal chattels,

and not an assignment of a chose in action, taken in connection with the paper given by Gould to the plaintiff, would constitute, as between the parties, either a mortgage or a pledge, and would be discharged by a payment of the money which the assignment was given to secure; and no formal reassignment was necessary to vest the property in the plaintiff. It does not appear that Gould ever had possession of the property, and it does appear that at the time the property was taken by the defendants it was in the possession and use of the plaintiff.

It is difficult to understand what the contention of the defendant Clark is, in regard to estoppel. His first request for instruction is, that, " If the defendant Clark paid Boyce Brothers $400, upon or by reason of representations made by the plaintiff to him that that amount was due Boyce Brothers, she is estopped to deny it now, and is estopped, as to him, to deny that that amount did not apply to any particular goods." The evidence was that the plaintiff asked Clark to assume her indebtedness to Boyce Brothers, which she represented to be $400, and to allow her to pay him as they might arrange, and that "nothing was said as to the $400 being due upon any particular part of the furniture." Clark declined to do this, and afterward, on his own account and for his own benefit, bought the interest of Boyce Brothers in the goods. It does not appear that the plaintiff made any statement to Clark that the $400 was due on all of the goods, or that she made any statements to Clark with the design that he should purchase the interest of Boyce Brothers in the goods upon his own account and for his own benefit. This was done by him for his own purposes, and not by any inducement of the plaintiff. There is no estoppel.

The plaintiff can maintain this action to recover possession of such of the articles replevied as she owned at the date of the writ; and the exceptions of the defendant Clark must be overruled.

The first request of the plaintiff for instructions was rightly refused. The payments made by Clark were not for her benefit. Her second request for instructions was also rightly refused. The action was brought on December 22, 1879. At that time, the goods were in the possession and custody of Clark, and Boyce Brothers "neither had, nor claimed to have, any right, interest

or title in, or custody or control of, said furniture, or any portion thereof." This action of replevin cannot therefore be maintained against Boyce Brothers. *Hall* v. *White*, 106 Mass. 599. *Richardson* v. *Reed*, 4 Gray, 441.

The rulings of the presiding justice were correct, and there must be                                             *Judgment on the findings.*