JOHN K. SARTWELL *vs.* CAROLINE HUMPHREY.

Suffolk.    January 16. — 31, 1884.    C. ALLEN & HOLMES, JJ., absent.

A guaranty, indorsed upon a lease of certain premises, and signed only by H., recited payment of the consideration to "each of us;" that "we hereby jointly and severally guarantee" the performance of the covenants; and, in conclusion, "Witness our hands and seals." H. was requested to sign the guaranty by the lessee, who represented to him that it was to be signed also by another person. The lessor did not know that such a representation was made to H. The lessee entered into possession of the premises; and, during the term, H. assented in writing to a modification of the lease, by a reduction of the rent, "such modification in no respect to impair or affect the above guaranty." The lessee failed to pay the rent reserved by the lease, and the lessor brought an action against H. on the guaranty. *Held,* that these facts would warrant a ruling that the defendant was liable.

CONTRACT on a guaranty.    The case was sent to an auditor, who found the following facts:

The plaintiff, by an indenture dated January 18, 1883, and duly recorded, leased to James O. Egerton and Isaac F. Kendall the three upper stories of a building in Boston, for the term of ten years from March 1, 1873, at an annual rental of $3500.

Before the delivery of this indenture, the defendant, who is an aunt of Egerton, one of the lessees, executed a guaranty under seal, which was indorsed on the indenture, in the following terms: "Know all men, that in consideration of one dollar to each of us paid by the within-named lessor, and in further consideration of the execution by him of the within lease, which he has given this day at our request, we hereby jointly and severally guarantee to him, and his heirs and assigns, the punctual performance by the within-named lessees, and their executors, administrators, and assigns, of all the within covenants and agreements on their part to be performed and observed. Witness our hands and seals this eighteenth day of January, A. D. 1873."

After the delivery of the indenture, March 1, 1873, the lessees therein named entered into possession of the demised estate.

Subsequently during the term, namely, on March 6, 1879, said indenture was modified by a written agreement reducing the rent to $1500 a year.

Before this modification was made, the defendant gave her written assent to the same by signing, in January, 1879, the

following : " I hereby assent to a modification of the foregoing lease by a reduction of the rent to fifteen hundred dollars a year, and such modification in no respect to impair or affect the above guaranty."

On June 1, 1879, there was due the plaintiff, by the terms of the lease, the sum of $3055. The defendant had notice of the default of the lessees, and the rent was demanded of her.

The defendant signed her name to the guaranty on Sunday, at the request of James O. Egerton, one of the lessees, and he represented to her that the plaintiff would not let him have the estate unless she signed the guaranty ; that a man from the market was to sign it ; that Kendall was to get one, and he another. The defendant signed for Egerton, and could not tell when she learned that she was the only signer.

The plaintiff did not know that the defendant's signature was made on Sunday ; nor that it was represented to her that any other person was to sign said guaranty ; and he acted with the utmost good faith in the whole transaction.

The auditor found for the plaintiff in the sum of $3055, and interest from June 1, 1879.

At the trial in this court, before *Devens,* J., without a jury, it was conceded that January 18, 1873, was Saturday, and the case was submitted upon the report of the auditor.

The defendant contended that the presiding judge should find for the defendant on the facts found by the auditor and the conceded fact, on the ground that the guaranty was signed by the defendant upon Sunday, and was therefore void ; and also upon the ground that, at the time the defendant executed the guaranty, it was represented to her that there was to be another guarantor besides herself.

The judge declined so to rule ; and ruled that, on the facts found by the auditor and the conceded fact, the plaintiff was entitled to recover ; and found for the plaintiff accordingly. The defendant alleged exceptions.

*E. W. Hutchins & H. Wheeler,* for the defendant.

*P. J. Doherty,* for the plaintiff.

FIELD, J. The objection that the defendant signed the guar-anty on Sunday was waived at the argument. It does not appear that the lease was delivered on Sunday.

The construction we put upon the exceptions is, that the justice before whom the case was tried found for the plaintiff, and ruled that he was warranted in so finding by the facts found by the auditor, and the conceded fact that the eighteenth day of January, 1873, the written date of the guaranty, was Saturday. *Swett* v. *Boyce*, 134 Mass. 381.  *Hoar* v. *Goulding*, 116 Mass. 132.  *Backus* v. *Chapman*, 111 Mass. 386.  Without determining whether the form of the guaranty was such as to put the plaintiff upon inquiry as to any agreement, between the defendant and the lessees, that the lease should not be delivered unless another person signed the guaranty as co-guarantor with the defendant, it was competent for the justice to find that the conversation between Egerton and the defendant did not show such an agreement, and it was also competent for the justice to find that the assent to the modification of the lease, made in writing, by the defendant in January, 1879, was made by her upon the lease, with the lease and guaranty before her, and that its effect was to ratify the guaranty in the condition it then was in.

The case of *Brooks* v. *Prescott*, 114 Mass. 392, was decided upon the peculiar form of the ruling.     *Exceptions overruled.*