JULIA M. BERTIE, administratrix, *vs.* HIRAM P. FLAGG.

Suffolk. March 20, 1894. — June 20, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Landlord and Tenant — Defective Drain.*

A landlord is not liable for a defect in a drain, which, in the course of a tenancy at will, is discovered by him, nor for failing to disclose it to the tenant, if the defect is unknown to the latter.

TORT, by the administratrix of the estate of James C. Bertie, for injuries occasioned to her intestate from the alleged negligent failure of the defendant to repair a defective drain on premises occupied by the intestate as a tenant at will. Writ dated December 27, 1892.

The declaration alleged that on or about September 1, 1887, the plaintiff's intestate became a tenant at will of the house numbered seventy-six Poplar Street in ·Boston, paying rent therefor at the rate of thirty dollars per month, and that the tenancy continued to the date of his decease; that in the year 1889 the defendant became the owner of the house, and acquiesced in the tenancy of the plaintiff's intestate, and received from him payment of rent; that in the year 1891 the yard of the premises became out of repair and dangerous, and the plaintiff's intestate requested the defendant to repair the same, which he agreed to do; and in the course of the repairs the defendant discovered that the drain of the premises was out of repair and in bad condition, and he was informed that certain specified repairs were needed to put the drain into proper condition, but that he negligently refused to make such necessary repairs, and knowingly directed that the drain be imperfectly repaired, and in fact merely covered up and concealed; that the defendant, knowing the existence of the defective drain, neglected to inform the plaintiff's intestate of the condition thereof and concealed the fact, and, though informed of the condition of the drain and of the danger thereof to the plaintiff's intestate, he neglected to repair the same, and falsely and deceitfully represented to the plaintiff's intestate that the repairs had been prop-

erly made ; that by reason of such negligence on the part of the defendant, the plaintiff's intestate, being ignorant of the condition of the drain, contracted typhoid fever therefrom, and suffered greatly in body and mind up to the time of his decease, and was put to great expense for medicines, medical attendance, and nursing, and was incapacitated for labor; and that the plaintiff's intestate used due care with reference to the drain, but that the defendant did not use due care.

The defendant demurred to the declaration, and assigned as grounds for the demurrer, that the declaration set forth no cause of action ; that it did not appear that the defendant was under any legal obligation to repair the drain, or that he made any representations in regard to its condition, or made any warranty in respect to the premises; that it appeared that when the plaintiff's intestate became, as alleged, the tenant of the defendant, the latter had no knowledge of any defects, and concealed nothing at the time; and that the existence of a defective drain, of itself, is not such a defect as a landlord is bound to disclose to a tenant, even at the time of the letting of the premises.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*E. C. Bumpus & R. F. Simes*, for the plaintiff.

*H. G. Allen*, for the defendant.

HOLMES, J.    The declaration in this case alleges that the defendant was the owner and landlord of a house occupied by the plaintiff's intestate as tenant at will; that in the course of making other repairs he discovered that the drain was in bad condition and needed certain repairs ; that he neglected to repair it, covered it up, and did not inform the intestate; and that " by reason of said negligence . . . the plaintiff's intestate, being ignorant of the condition of said drain, contracted typhoid fever " from it.    The rest is only coloring.    It is not alleged that the landlord undertook to repair the drain and did the work improperly, or that he misled the tenant by any representation on the matter.

It is not argued that a landlord, as such, is bound to make repairs which he has not agreed to make, or to remedy defects

which arise in the course of a tenancy. *McKeon* v. *Cutter*, 156 Mass. 296. But it is said that the defendant is liable for not disclosing the defect, on the same principle that a man was held liable for letting a dwelling-house known by him to be infected with small-pox without disclosing it, in *Minor* v. *Sharon*, 112 Mass. 477. See also *Cowen* v. *Sunderland*, 145 Mass. 363; *Cutter* v. *Hamlen*, 147 Mass. 471; and *Martin* v. *Richards*, 155 Mass. 381.

But this defect was an ordinary defect in the drain in use on the premises, and the danger was the ordinary danger from that source. It was discovered in the course of a tenancy at will. We are of opinion that the landlord was under no obligation to repair it, and if we are to take it that the plaintiff was ignorant of the defect as well as of the failure to repair it, notwithstanding the allegation that, the defendant "refused" to make the necessary repairs, we are of opinion that he was under no obligation to disclose it. *Demurrer sustained.*