BRIDGET ROTH *vs.* ROLLIN M. ADAMS & another.
ARNOLD A. RAND & another, executors, *vs.* SAME.

Suffolk.    January 27, 1904. — March 31, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract,* Specialty, Consideration.  *Guaranty.   Landlord and Tenant.*

A guaranty under seal of the performance of the covenants of a lease needs no consideration and is binding although executed after the lease was made.

If a guaranty of the performance of the covenants of a lease contains no stipulation that the lessor shall obtain judgment against the lessee before demanding payment of the guarantor, such a requirement will not be implied.

Under an absolute guaranty of the performance of the covenants of a lease the guarantor is entitled to no notice of the default of the lessee.

A lessee of buildings, who remains in possession and use of them until the end of the term demised, cannot when sued for the rent set up eviction or a breach of the covenant for quiet enjoyment on the ground that the premises have been condemned by the board of health as dangerous and unfit for habitation.

Where a lessor of real estate does not agree to make repairs, the lessee, in the absence of evidence of fraud or concealment, cannot set up the decay and dilapidation of the leased buildings in defence to an action for rent. Nor is such a defence open to a guarantor of the performance of the covenants of the lease.

TWO ACTIONS OF CONTRACT, for arrears of rent alleged to be due from the defendant Adams as lessee, and from the defendant Hall as guarantor under a writing indorsed on the lease to Adams, the second action being brought by the executors of the plaintiff in the first action to recover for rent alleged to have accrued subsequently to any sued for in the first action.  Writs dated October 7, 1899.

At the trial in the Superior Court *Sheldon,* J. ruled, that, upon the pleadings and evidence, the plaintiffs could not main-

tain their actions against both defendants, but must elect which defendant they would proceed against, and the plaintiffs thereupon discontinued both actions as to the defendant Adams.

The jury found for the plaintiff against the defendant Hall in both cases, in the first case in the sum of $943.57, and in the second case in the sum of $1,153.96. The defendant Hall alleged exceptions, raising the questions considered in the opinion. The plaintiff also alleged exceptions to the ruling of the judge that the lessee and the guarantor could not be sued in the same action.

The demised premises were described in the lease as " the entire brick building numbered two hundred nine (209) and two hundred eleven (211) South Street, in said Boston, together with the yard and rights of way belonging thereto."

The defendants introduced evidence tending to show that the demised premises included a certain brick building numbered 209 and 211 on South Street, Boston, together with a wooden ell in the rear of the brick building, attached thereto and forming part thereof, and having an aperture in its outer wall for the placing of ice in the ice chest; that the demised premises also included a yard in the rear of the brick building, and an old wooden building in the rear of and connected with the ell which with the ell stood in the yard, and also included a right of way in a passageway adjoining the brick building leading from South Street to the yard.

The plaintiff introduced evidence tending to show that only the brick building was demised.

The lease contained, after the covenant to pay rent, the following covenant of the lessee: " and [the lessee] also will keep all and singular the said premises in such repair as the same are-in at the commencement of said term, or may be put in by the said Lessor or her representatives during the continuance thereof; reasonable use and wear, and damage by accidental fire or other inevitable accidents only excepted."

The lease was dated June 1, 1897. The guaranty of the defendant Hall, indorsed on the lease, was as follows: " June , A. D. 1897. Know all men that in consideration of one dollar, to me paid by the within-named lessor and in further consideration of the execution by her of the within lease which she has

given this day at my request, I hereby guarantee to her and her heirs and assigns the punctual performance by the within-named lessee and his executors, administrators and assigns of all the within covenants and agreements on his or their part to be performed or observed. Witness my hand and seal, this date. C. S. Hall." [Seal.]

*H. F. Naphen (W. A. Buie* with him,) for the plaintiffs.

*J. W. Pickering,* for the defendant Hall, filed a brief.

BRALEY, J. The short form of guaranty written on the lease follows the language of a similar contract construed in *Sartwell* v. *Humphrey,* 136 Mass. 396, and the nature of the undertaking of the defendants is clearly and precisely expressed.

Being an instrument under seal, a consideration is presumed and is sufficient to support it as a binding agreement whether executed concurrently with or at a time subsequent to the signing of the lease. *Hayes* v. *Kyle,* 8 Allen, 300, 301.

By its stipulations the punctual performance on the part of the lessee of the covenants of the lease was guaranteed.

It is not contended that the executors, or their testatrix in her lifetime, designedly allowed the rent to become in arrears in order to favor the lessee, the principal debtor, to the injury of the guarantor, and a failure by him to pay the rent reserved at the time when it became due and payable would be a breach of his covenant, and a cause of action would at once accrue to the lessor against the defendant.

No limitation of the nature now suggested by him is expressed in the contract, and while he might have made his promise to pay contingent on the failure of his principal to pay any judgment the lessor might recover if he failed to keep this covenant, it is a sufficient answer to say that he did not do so, but was content to make his liability unconditional and absolute.

If there was no express requirement in the contract of guaranty that the lessor should first obtain judgment for the rent against the lessee as a condition precedent to his being called upon to make payment, none is to be read into it by implication, and it must be construed like any written agreement, where the parties have seen fit clearly to state the extent of an obligation by which they are severally to be bound.

Under its terms it became the duty of the defendant to ascer-

tain whether the lessee had kept his covenants with the plaintiff or her representatives, and neither she nor they were required first to give notice of this default of the lessee before bringing suit against the defendant.    Welch v. Walsh, 177 Mass. 555.

No discussion of the joinder of both as parties defendant in this case is called for, as the plaintiffs at the trial, under a ruling sufficiently favorable to the defendant and made at his request, were compelled to elect between them, and made their election to pursue him alone.

In the next question presented by the defendant's exceptions he contends that the evidence offered by him that the board of health had condemned a portion of the premises as dangerous and unfit for habitation was wrongly excluded, because such condemnation amounted to an eviction by the lessor, which would either suspend payment of the rent, or justify their abandonment by the lessee.

Independently of the facts that the tenant took the leasehold estate, whether it included the brick building alone or in addition the wooden building and ell, as he found it, that he agreed to keep the premises in repair, that no substantial change of condition had taken place during his tenancy, and that he left solely because his business had declined and trade had followed his former customers to other localities, it is not shown that the lessor or her representatives had interfered with the tenant's estate in such a manner as to exclude him from, or permanently deprive him of, its full use and enjoyment as it existed at the date of the demise.    Skally v. Shute, 132 Mass. 367.    Smith v. McEnany, 170 Mass. 26.    If upon conflicting testimony the jury could have found that the wooden building and ell remained in the possession of the lessor, although she permitted them to fall into a state of decay to the personal annoyance of the lessee, this does not necessarily prove such an interference with his occupancy of the demised premises as to amount to either an eviction or a breach of the covenant for quiet enjoyment, at least where the tenant still continues in possession and use of them.    International Trust Co. v. Schumann, 158 Mass. 287, 291. Besides, his offer of proof contained no attempt to show any fraud or concealment by the lessor of the condition of the estate at the date of the lease, and the tenant took the premises as he found

them, for there is no warranty implied in law on the part of the landlord that they are tenantable or even reasonably suitable for occupation, and the rule of *caveat emptor* applies.   *Stevens* v. *Pierce*, 151 Mass. 207.   *Bertie* v. *Flagg*, 161 Mass. 504.

But by the provisions of the lease the landlord entered into no contract to make any repairs that might be needed, or to remedy defects that might arise during the tenancy of the lessee, and unless such an agreement is found, the decay and dilapidation of the buildings would not be a defence to an action for the rent as it accrued.   *Foster* v. *Peyser*, 9 Cush. 242, 246.   *Welles* v. *Castles*, 3 Gray, 323, 326.   *Szathmary* v. *Adams*, 166 Mass. 145.

Such a defence is equally ineffectual when urged by a guarantor, who, for the purpose of performing this covenant, stands in place of the tenant, and the collateral undertaking is as broad as the terms of the contract guaranteed.   *Clark* v. *Gordon*, 121 Mass. 330.   *Warren* v. *Lyons*, 152 Mass. 310.

This discussion of the principles of law involved in the case covers all that is necessary to be said, as the rulings requested and refused stated in different ways the legal propositions already considered.

No error of law appears, and as the plaintiff's exceptions were abandoned at the argument, if the defendant was held liable for the rent, we treat them as waived ; and the order must be

*Exceptions overruled.*