### FRANK SYLVESTER *vs.* TIMOTHY T. SHEA.

Middlesex. October 6, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence,* In use of way, Motor vehicle. *Practice, Civil,* Requests, rulings and instructions.

Where a judge, hearing an action of tort for personal injuries alleged to have been caused by the defendant's negligence, stated that, upon the facts found by him, "I find and rule as a matter of law that the

defendant was negligent," his statement was construed by this court to mean that he ruled that the evidence warranted a finding of negligence on the defendant's part and that he so found.

At the trial of an action of tort for personal injuries by a pedestrian against the operator of a motor truck, a finding that the defendant was negligent was not warranted by evidence showing merely that, while the defendant was backing the truck, one of its tires came in contact with a stone which was six or seven inches in diameter and weighed ten or twelve pounds, that the defendant saw or should have seen the stone and that it was squeezed by the tire and thrown onto the sidewalk, striking the plaintiff.

TORT. Writ in the Third District Court of Eastern Middlesex dated August 1, 1931.

The action was heard in the District Court by *Counihan*, J. Material evidence and rulings made and refused by the judge are stated in the opinion. The judge found for the plaintiff in the sum of $300 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*V. L. Scanlon*, for the defendant.

*P. C. Borre*, for the plaintiff.

LUMMUS, J. The report of the trial judge shows that the defendant was backing a one and one half ton truck from Sumner Street into Sumner Place in Boston, and saw or should have seen a large stone, six or seven inches in diameter and weighing ten or twelve pounds. The left rear tire of the truck came in contact with the stone, squeezing it and throwing it to the sidewalk, where it hit the plaintiff who was passing. The trial judge said, "Upon these facts, I find and rule as a matter of law that the defendant was negligent. . . . If my ruling is incorrect as a matter of law, a finding should be entered for the defendant." He denied the defendant's request for a ruling that "On all the evidence the defendant was not negligent." The Appellate Division sustained the trial judge and dismissed the report. The defendant's appeal brings the case here.

Doubt arises as to what ruling the trial judge intended. Even when the conduct of a party is ascertained, the question whether it comes up to the standard of reasonable care prescribed by the law ordinarily must be decided by the tribunal

of fact. Only in clear cases can it be ruled as matter of law. *Gaynor* v. *Old Colony & Newport Railway*, 100 Mass. 208, 212. *Lorenzo* v. *Wirth*, 170 Mass. 596. *Grand Trunk Railway* v. *Ives*, 144 U. S. 408, 417. A ruling that the facts of this case amount to negligence as matter of law would obviously be impossible to support, and for that reason it is improbable that the judge intended to make it. He meant, we think, to rule that the evidence warranted a finding that the defendant was negligent, and then to make that finding of fact. Similar obscure language has been construed in this way. *Swett* v. *Boyce*, 134 Mass. 381, 387. *Sartwell* v. *Humphrey*, 136 Mass. 396. *Morse, Williams & Co.* v. *Ellis*, 172 Mass. 378.

Interpreted thus favorably to the decision below, the report shows that there was error in the ruling that the evidence warranted a finding for the plaintiff and in the refusal of the defendant's request to the contrary. The throwing of the stone, while not unprecedented, was such an unusual occurrence under the circumstances that it could not be found that the defendant in the exercise of reasonable care ought to have guarded against it. *Burkes* v. *Lieberman*, 218 App. Div. (N. Y.) 600, affirmed, 245 N. Y. 579.

> *Order of the Appellate Division reversed.*
> *Judgment for the defendant.*