Morton, J.
This is an action of tort to recover damages for personal injuries sustained by the plaintiff when struck by a stone thrown by a tire of a truck owned and operated by the defendant. The evidence tended to show *386 that stones had been raked off a sidewalk under construction and collected in two or three piles in the gutter, each pile' being two and one-half feet wide and about one foot high. The stones varied in size, the one hitting the plaintiff being about four to six inches in diameter. The plaintiff was walking along the sidewalk on the lefthand side of the street when the truck in question , came up behind him pulling into the gutter of the lefthand sidewalk to collect construction equipment which was being, or had been, used in or upon the sidewalk. The plaintiff was opposite one of the piles of stones. The left wheels of the truck struck the pile of stones and threw the one described, striking the plaintiff and causing the injuries complained of.
Each side filed requests for rulings, and the main, if not the only, issue was whether or not there was sufficient evidence to sustain a finding that'the defendant was negligent. Other requests involve the effect of a violation of statutory regulations, but these were disposed of favorably to the defendant.
Upon the issue in question the defendant cited Sylvester v. Shea, 280 Mass. 508, and with that decision in mind the defendant filed a request for a finding that the throwing of the stone was such an unusual occurrence that the defendant was not bound to anticipate such a possibility and guard against it. In refusing this request the Court made the following finding: “not applicable to facts found and refused. Negligence found from driving truck into and over a pile of stones where driver should have known one might be thrown by the tire against the plaintiff who was near them.”
'In Sylvester v. Shea it appeared that the operator of a truck saw a stone six or seven inches in diameter and, in backing, his left rear tire “came in contact with the stone, squeezing it and throwing it to the sidewalk, where it hit *387 the plaintiff who was passing.” With regard to this issue and the issue of negligence, the .Court says at page 510:
‘ ‘ The throwing of the stone, while not unprecedented, was such an unusual occurrence under the circumstances that it could not be found that the defendant in the exercise of reasonable care ought to have guarded against it.”
The situation in Sylvester v. Shea is vastly different from that in the case at bar. In the latter case a single stone was squeezed and thrown by a tire; in the instant case a pile of stones was struck by a wheel or tire. Under these circumstances it appears obvious that several stones would be scattered in various directions. We see no similarity in the two cases, except that one stone in each case hit the plaintiff. Under the circumstances reported we think there was sufficient evidence to warrant a finding of negligence on the part of the defendant, and in consequence thereof that his first request for ruling was properly denied. As no prejudicial error appears an order will be entered dismissing the report.