Adlow, J.
Action of tort for negligence.
In October, 1937, the plaintiff was engaged with others in setting curbstones along the sides of Rockview Street in Jamaica Plain. The gutters of this street, which was surfaced with macadam over a width of about 25 feet, were paved with cobblestones. To facilitate the work, the cobblestones had been removed and placed in piles along the edge of the macadam. A driver of the defendant corporation having occasion to make a delivery of coal to a customer, while the work was going on, backed a heavy coal truck up to the sidewalk fronting the customer’s house. When the truck came to rest the rear wheels were standing in that part of the street from which the cobblestones had been removed; about three feet from the left side of the truck stood a pile of loose cobblestones; and workmen, including the plaintiff, were engaged in their various tasks *222 in close próxhnity. After the delivery had been made, the driver resumed his place at the' wheel and proceeded to drive away. There was evidence that the motor was raced considerably and made a loud noise before it moved away; that it started with a rush of “about 8 or 10' miles per hour”; that after moving forward 7 or 8 feet the truck made a sharp turn to the left while continuing at the same speed; and that, as it made the sharp turn to the left, its left rear wheel went over a cobblestone which was setting on the edge of the pile nearest the truck. As a result of this the cobblestone flew through the air for a distance of 5 feet and injured.the plaintiff. The court refused to rule as requested by the defendant, in effect, that these facts
(1) Did not warrant a finding that the defendant was negligent.
(2) Did not warrant a finding that the defendant’s negligence was the proximate cause of the plaintiff’s injury, and found for the plaintiff.
; There, was. no error in the refusal of the court to rule as requested by the defendant. The right to recover for injuries caused under similar circumstances has been recognized in many cases. See cases annotated in 15 Am. L. R. 1495. The position in which the defendant’s coal truck had been placed by the driver, the pile of loose cobblestones nearby, and the proximity of the workmen, of whom the plaintiff was one, imposed a duty to use due care in the circumstances. Heaven v. Pender, 11 Q. B. D. 503, 509 cited in Stevens v. Reyn, 220 Mass. 332. Whether he had used due care would depend on whether the care he had used had been commensurate with the apparent danger. Uggla v. West End St. Ry., 160 Mass. 351 at 354. Although this issue of due care is usually a question of fact to be determined by the fact finding tribunal, Gaynor v. Old Colony and Newport Ry. Co., 100 Mass. 208 at 212, Hennessy v. Taylor, 189 *223 Mass. 583, 584, we have been urged by the defendant to treat it as one of law to be disposed of in accordance with the rule laid down in Sylvester v. Shea, 280 Mass. 508. In this case, where a stone weighing 10 or 12 pounds was struck by an automobile, flew through the air, and injured the plaintiff under circumstances where the defendant knew or should have known of the presence of the stone in the street, the court ruled that “The throwing of the stone while not unprecedented, was such an unusual occurrence under the circumstances, that it could not be found that the defendant in the exercise of reasonable care ought to have guarded against it”. After careful consideration, and for reasons which will hereafter appear, we believe this rule should be limited in its application to the peculiar facts of that case.
In every action for negligence two distinct issues may arise: (1) the preliminary issue of the negligence itself (2) the causative effect of that negligence once it is established. Both are raised by the defendant’s report. With respect to the issue of the negligence itself no act can be said to be negligent as to the plaintiff, unless the average man, placed in the defendant’s position, knowing what he did or should have known, should have regarded injury to the plaintiff, or some class of persons of which the plaintiff was one, likely to result if care were not taken. Professor Bohlen in 41 Am. L. Reg. N. S. 147, 148. To establish negligence it is not necessary to show that the defendant could foresee or should have foreseen that an injury would happen in the exact manner, that it did occur. He need only foresee that some injury of a like general character is not unlikely to result from a failure to use due care. It is not necessary that injury in the precise form in which it in fact resulted should have been foreseen. Hill v. Winsor, 118 Mass. 251, 259, Dulligan v. Barber Asphalt Paving Co., 201 Mass. 227 at 231, Lynn Gas and Electric Co. v. Meriden Ins. *224 Co., 158 Mass. 570. A consideration of these oft-quoted cases will reveal that foreseeability of the specific harm which actually resulted is not an essential legal requisite to the establishment of negligence. See also Jeremiah Smith, 25 Harvard Law Review 238. In the light of these decisions the law as declared in Sylvester v. Shea, 280 Mass. 508, represents a marked departure from the recognized rule. To say that because the consequences of an act are unusual a defendant is excused from the duty of due care is to narrow considerably the field of tort responsibility. What must be foreseen, in order to establish negligence is “harm in the abstract, not harm in the concrete”. 1 Street, Foundations of Legal Liability, 104. Considered in the light of what we take to be the correct rule, the defendants’ negligence depended on whether the reasonable man placed in the defendant’s position, where he saw or should have seen the pile of stones nearby and the workmen standing about, would have considered that harm was not unlikely unless he used due care. The ■ determination of this question was a question of fact. Payne v. New York, 277 N. Y. 393. The case of Burkes v. Lieberman, 218 App. Div. (N. Y.) 600, cited by the defendant is not in point. The plaintiff was denied damages in that case because the evidence did not support a finding that the defendant knew or should have known of the presence of the stones on the dirt road. The plaintiff failed because the defendant was not shown to be negligent, and not because the unusual consequences of. his conduct had excused due care as would appear from Sylvester v. Shea, 280 Mass. 508, in which this case is cited as an authority.
Having established the propriety of the court’s finding with respect to the defendant’s negligence, does the unusual nature of the accident affect the plaintiff’s right to recover damages? A defendant who has been found want *225 ing in due care becomes liable for any injury which is the natural and probable consequence of his negligence. Derry v. Flitner, 118 Mass. 131 at 134. And the injury will not be considered improbable because the precise manner in which it was caused was not foreseen. Hill v. Winsor, 118 Mass. 251. In the particular situation with which we are concerned the injury was caused directly by the hurling of the stone by the truck. No person or condition intervened. The injury was the direct consequence of the defendant’s negligence. Such direct consequences of negligent conduct are usually considered proximate, in the legal sense, whether they were unforeseeable, or improbable, or unlikely. Beale: 33 Harvard Law Review 633, and cases in support of this proposition on pages 644, 645. See also Higgins v. Dewey, 107 Mass. 494, Hollidge v. Duncan, 199 Mass. 121, Ogden v. Aspinwall, 220 Mass. 100, 103, Regan v. Cummings, 228 Mass. 414, Christianson v. Chicago etc. R. Co., 67 Minn. 94, at 97.
The evidence warranted the court’s findings with respect to the tortious nature of the defendant’s conduct and its causative effect.
Report dismissed.