Pettingell, P. J.
Action of contract to recover for personal services rendered the defendants in connection with repairs and alterations to real estate. The original declaration was for $360. The plaintiff, later, by amendment, stated his claim as $460.00.
The answer was a general denial and payment.
There was evidence that the plaintiff had been in the general contracting business, and was approached by the two defendants to look over certain proposed repairs and alterations to a parcel of property owned by the defendants; that the plaintiff informed the defendants that he was employed at the Boston Navy Yard and would be unable to undertake the defendant’s service. Upon the insistence of the defendants the plaintiff finally consented to look over the work as it progressed and agreed to make such suggestions as were necessary, and stated that he ex *80 pected to be paid for what he did and the defendants agreed that he would be so paid.
There was conflicting testimony as to whether the plaintiff did any work for the defendants but he testified that he did. The defendants offered the testimony of two witnesses that the plaintiff did no work.
At the close of the evidence the defendants filed the following requests for rulings.
“1. On the evidence introduced by the defendants, and the law applicable thereto, the Court should find for the "defendants. 2. The evidence introduced by the defendants i's sufficient to warrant the Court in finding for the defendants. 3. The burden is upon the plaintiff to prove the contract declared upon by a fair preponderance of the evidence. 4. On the evidence introduced by the plaintiff he has failed to sustain the burden of proof as to the existence of a contract between the plaintiff and the defendants. 5. That if the Court finds, upon all the evidence, that. the plaintiff has failed to sustain the burden of proof as to the existence of a contract between the plaintiff and the defendants, then the Court must find for the defendants. ’ ’
The trial judge found for the plaintiff and made the following disposition of the defendants’ requests.
“Defendants’ requests for rulings: Refused because I did not believe the testimony of the defendants. I give the third request because my finding is conditioned upon it. Similarly the fifth request for ruling. ’ ’
■The defendants set forth that they are aggrieved by the trial judge’s disposition of all five requests. It is apparent, however, that he expressly gave the third and fifth.
Although the trial judge found as a fact that he did not believe the-evidence of the defendants; he did not find as a fact that he did not believe the testimony of the defendants’ witnesses.
*81 At the time iwhen the trial judge was to consider the defendants ’ requests for rulings, and had decided to disbelieve the defendants-’ testimony, he had before him the testimony of two witnesses discrediting the story of the-plaintiff’s performance of a contract with the defendants. His announced disbelief of the defendants’ testimony does not affect the testimony of'the defendants’ witnesses, and there was in the case evidence warranting a finding for the defendants. If the defendants’ witnesses are to- De believed, the plaintiff did not perform the services .sued for and it was prejudicial error under such circumstances to deny the defendants’ second requested ruling.
There was no error in the denial of the defendants’ first requested ruling, it having no specifications, in accordance with Buie 27 of the District Court Buies (1940 Ed.) Forbes v. Gordon & Gerber, Inc., 298 Mass. 91, at 95, 96.
The defendants were seeking a ruling that there was evidence sufficient to justify a finding in their favor. They were entitled to that ruling or to a statement of findings of fact .showing that the requested ruling bad become irrelevant. Bresnick v. Heath, 292 Mass. 293, at 298. Home Savings Bank v. Savransky, 307 Mass. 601, at 603, 604. A finding that the defendants themselves were not .to be believed, did not make the testimony of their witnesses irrelevant.
The third and fifth requests were given, and there was no error in -the denial of the- fourth, whether or not the burden of proof had been sustained being a question of fact. Clay v. Well-Holmes Co. Inc., 258 Mass. 93, at 97. Hill v. Creditors National Clearing House, 289 Mass. 437, at 441. Crowley v. Freeman, 291 Mass. 105, at 106. Commonwealth Investment Co. v. Fellsway Motor Mart Co., 294 Mass. 306, at 314.
There being prejudicial error in the denial of the second requested ruling, the finding for the plaintiff is to be vacated and the case is t.o stand for a new trial.