GEORGE L. RICE & another *vs.* CHARLES A. HOWLAND.

Berkshire.     September 11, 1888. — October 17, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Promissory Note — Consideration — Payment — Statute of Limitations —*
*Evidence.*

In an action by the payee upon a promissory note, evidence was offered that the
payee had within six years made a payment of money to the maker, to be ap-
plied in reduction of other notes due before that time and payable from the
payee to the maker, whereupon the latter made the note in suit for a sum equal
to such payment. *Held,* that the evidence was competent as showing that the
note was without consideration, and that the statute of limitations was no bar
to a recovery in set-off upon the notes due from the payee.

CONTRACT on a promissory note, dated January 5, 1880,
made by the defendant to Benjamin F. Robinson, the plaintiffs'
testator. Writ dated December 15, 1885. The defendant filed
a declaration in set-off, for a balance due from the plaintiffs
upon certain notes made by the testator to him. The answer
to the declaration in set-off, among other things, averred pay-
ment, and set up the statute of limitations.

The case was submitted to the Superior Court, and, after
judgment for the defendant for such balance, to this court, on
appeal, upon an auditor's report as an agreed statement of facts,
which, so far as material, was as follows.

At the hearing before the auditor, evidence was admitted,
against the plaintiffs' objection, tending to show that Robinson
made to the defendant three several promissory notes for bor-
rowed money, all of which became due and payable to the de-
fendant more than six years before the date of the writ; that
at various times, some of which were within six years of the
date of the writ, Robinson made payments of money to the de-
fendant, and the defendant, instead of indorsing them upon the
notes due him, gave, at the time of some of these payments,
promissory notes to the testator equal in amount to the pay-
ments then made by him; that the note upon which the action
was brought was a note so given by the defendant; that the de-
fendant gave these notes with the understanding that the sums

represented by them should be applied in payment of the testator's notes to him as if indorsed upon them, and that some time they would come together and make the application. The auditor found that the sums paid by Robinson to the defendant, including those represented by the several notes from the defendant to Robinson, were, by the mutual understanding and agreement of the parties, intended as payments to be applied upon the three notes given by Robinson to the defendant, and stated an account which disclosed the balance due the defendant claimed by him.

*M. E. Couch,* for the plaintiffs.

*H. L. Dawes & A. W. Preston,* for the defendant.

W. ALLEN, J. The note on which the action is brought was without consideration. The defendant held several notes against the plaintiffs' testator, which were due and payable; the testator paid money to the defendant, and the defendant gave the note in suit. Whether the payments were made upon the notes was a question of fact, which concerned the consideration of the defendant's note, and upon which the fact that he gave the note was not conclusive. If the payment was made by the plaintiffs' testator to extinguish indebtedness from him to the defendant, and not to create indebtedness from the defendant to him, it was not made in consideration of the defendant's promise to pay him, and the promise was without consideration. The agreed statement shows that the auditor found that the money was paid upon the notes, and that the promise of the defendant contained in the note, which he gave as a voucher or memorandum of the payment, was without consideration. *Sargent* v. *Southgate,* 5 Pick. 312. *Braynard* v. *Fisher,* 6 Pick. 355. *Smith* v. *Bartholomew,* 1 Met. 276, 278. 1 Chit. Con. (11th Am. ed.) 61. Hare, Con. 216.

The payments made upon the notes declared on in set-off took them out of the operation of the statute of limitations, and the defendant is entitled to recover the balance due upon the notes to him.

*Judgment for the defendant affirmed.*