### WIRTH et al. v. LANG.

(Supreme Court, Appellate Term. November 11, 1910.)

1. COMPROMISE AND SETTLEMENT (§ 5*)—VALIDITY.

A plaintiff had an existing claim against a defendant, who admitted only part of it to be due. After negotiations, the parties agreed on a compromise, on the basis of a release to be made by plaintiff, and a payment of $50 to be made by defendant. *Held*, that this was a contract, a breach of which gave plaintiff a cause of action.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 10–16; Dec. Dig. § 5.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COMPROMISE AND SETTLEMENT (§ 20*)—BREACH OF AGREEMENT.

Plaintiff had a claim against defendant, which was compromised in consideration of a release by plaintiff, and a payment by defendant, and the discontinuance of a pending action. The plaintiff prepared the release, failed to have the action placed on the calendar, tendered performance, and demanded payment. *Held*, that this was a complete tender; a formal order of discontinuance being immaterial.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 83–88; Dec. Dig. § 20.*]

3. COMPROMISE AND SETTLEMENT (§ 11*)—OPERATION AND EFFECT—COMPROMISE OF EXISTING SUIT.

Where there is a compromise and settlement, with a complete release, the discontinuance of an existing suit is merely an incident thereto, and the order can be entered by either party at any time after actual settlement of the cause.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 51–53; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Frank Wirth and Verona Wirth against Frederick Lang. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Hillquit & Levene, for appellants.

Rosen & Phillips, for respondent.

SEABURY, J. This action was brought to recover $50, which the plaintiffs claim the defendant promised to pay in consideration of the plaintiffs giving a release to the defendant and consenting to discontinue a certain action then pending between the parties. The evidence offered by the plaintiffs establishes that, on April 19, 1910, the parties opened negotiations to settle an action brought by the plaintiffs against the defendant to recover $70 deposited by the plaintiffs as security for the performance of certain covenants and conditions in a lease executed between the parties. In the course of settlement, the defendant admitted that the plaintiffs had deposited $70 as security, but claimed that they were not entitled to all of it, because of certain repairs which it·was claimed plaintiffs were under the legal duty of paying for. After discussing the merits of the claims involved, the plaintiffs, through their duly authorized representative, offered to accept $50 in settlement. The defendant orally accepted the offer in person and promised to pay the $50 at the office of the attorney for the plaintiffs on the following day, provided a general release was executed by the plaintiffs and delivered at the time of payment. The terms imposed by the defendant were accepted. The release was executed by the plaintiffs and was held in readiness for delivery at the office of the attorney for the plaintiffs; but the defendant failed to tender performance as agreed. Thereafter the attorney for the plaintiffs offered in writing to deliver the release and demanded the payment of $50. The demand was refused, and this action was brought to recover that sum. A formal order of discontinuance was not made in the original ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion; but the plaintiffs, relying upon the agreement of settlement, failed to have the action placed upon the calendar before the return day. At the close of the plaintiffs' case, a motion was made to dismiss the complaint upon the ground that "no agreement has been proven that they [plaintiffs] have discontinued the action, or that they did discontinue the action, or that they were to discontinue the action."

The court below erroneously dismissed the complaint upon the ground that "the plaintiff has failed to prove that in consideration of his discontinuing the action the defendant agreed to pay $50." It was established in the court below that there was an existing claim against the defendant, who admitted a part only to be due; that, after negotiations, the parties compromised their differences, and agreed to settle the original action, and each to release the other, the plaintiffs agreeing to execute and deliver a release in writing in consideration of the defendant's promise to pay $50. These facts constituted a contract, upon the breach of which the plaintiffs' cause of action accrued. The plaintiffs tendered full performance; but the defendant failed to perform, and that failure rendered him liable in this action. The fact that a formal order of discontinuance was not made and entered in no way alters the situation. In the first place, the testimony does not disclose that it was agreed that this should be done; and, in the second place, the settlement of the cause practically discontinued the action. An order of discontinuance is an incident to the settlement, which may be entered by either party at any time after actual settlement of the cause, and as such cannot increase or diminish the rights of the parties as fixed by the settlement.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.