EDWARD S. BALDWIN *vs.* ERNEST J. PORTER & another.

Essex.    November 17, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Payment.    Evidence,* Presumptions and burden of proof.    *Husband and Wife.*
*Receipt.*

Where one has furnished necessaries to a married woman for herself and her family
with her knowledge and consent to an amount less than $100 and the woman
has property to the amount of $2,000 or more, so that under St. 1910, c. 576,
she is liable jointly with her husband for the debt, the acceptance by the creditor
of a negotiable promissory note of the husband for the amount of the indebted-
ness, signing a receipt stating that the creditor has "Received payment by
3 mos. note," raises no presumption of law or of fact that the note was received
in satisfaction of the debt thus extinguishing the liability of the wife under the
statute.

CONTRACT against Sarah P. Porter, the wife of Ernest J. Porter,
who was joined as a defendant, the defendant Sarah being alleged
to be possessed of property to the amount of $2,000 or more, for
a debt of $87.78 alleged to be due to the plaintiff for necessaries
furnished with the defendant Sarah's knowledge and consent to
herself and her family, according to an account annexed setting
forth the items of a bill for coal furnished at various dates from
August 13, 1910, to March 30, 1911.    Writ in the First District
Court of Essex dated January 3, 1912.

The answer, besides a general denial and a general allegation
of payment, alleged that, if the defendant Sarah P. Porter ever
owed the plaintiff any debt for necessaries, it had been paid
fully by a negotiable promissory note signed by the defendant
Ernest J. Porter and payable to the plaintiff.

On appeal to the Superior Court the case was submitted to
*Fox,* J., upon an agreed statement of facts, as follows:

The defendant Sarah P. Porter was the wife of the defendant
Ernest J. Porter.    The items in the account annexed to the plain-
tiff's declaration were all for necessaries furnished to Ernest J.
Porter with the knowledge and consent of the defendant Sarah P.
Porter and used by the defendants as fuel in the house occupied

by them jointly. The defendant Sarah P. Porter had property to the amount of $2,000. On December 20, 1910, the defendant Ernest J. Porter gave to the plaintiff a negotiable promissory note for $342.90, payable in three months from date. This note covered the full amount of the indebtedness of Ernest J. Porter to the plaintiff at that time, including the first six items in the account annexed. At the time this note was given, the plaintiff receipted for the full amount due as follows: "Rec'd Payment by 3 mos. note Dec. 20, 1910, E. S. Baldwin," including the six items aforesaid.

On May 20, 1911, when the note for $342.90 became due, there remained unpaid on that note only $225, certain payments having been made on the note. That note was cancelled and delivered up to the defendant Ernest J. Porter, and a new negotiable promissory note for $279.08 was given by the defendant Ernest J. Porter to the plaintiff, payable in three months. This sum of $279.08 was obtained by adding together the amount of $225 remaining unpaid on the first note and the last six items in the account annexed to the plaintiff's declaration, and also a small sum of unpaid interest on the first note. The last six items were receipted for on June 20, 1911, as follows: "Received payment, June 20, 1911, E. S. Baldwin Co., Per R. N. C." On July 24, 1911, when the note for $279.08 became due, the defendant Ernest J. Porter paid in cash on that note the sum of $56.87 and gave a new negotiable promissory note to the plaintiff for $225 due October 22, 1911. On October 22, 1911, the note was not paid, and on April 9, 1912, the plaintiff in this action brought an action against the defendant Ernest J. Porter alone by trustee process and recovered judgment for the full amount of the indebtedness of Ernest J. Porter to the plaintiff. It therefore was agreed that no judgment should be entered against that defendant Ernest J. Porter in the present action.

The judge made the following memorandum of decision:

"Upon the agreed facts the defendant Sarah P. Porter is clearly liable under St. 1910, c. 576, unless the plaintiff by taking her husband's notes discharged the debt. The burden of proving payment rests on the defendant. I find that having regard to the form of the first receipt, 'Received payment by 3 mos. note,' and to the fact that the effect of payment would have been to

provide [deprive] the plaintiff with [of] the security which the statute gave him, the debt has not been paid."

The judge found for the plaintiff against the defendant Sarah P. Porter in the sum of $89. Judgment was entered accordingly; and the defendant Sarah P. Porter appealed.

St. 1910, c. 576, provides that "a married woman shall be liable jointly with her husband for debts due, to the amount of one hundred dollars in each case, for necessaries furnished with her knowledge or consent to herself or her family, if she has property to the amount of two thousand dollars or more."

The case was submitted on briefs.

*S. H. Donnell*, for the defendant Sarah P. Porter.

*F. E. Farnham & H. P. Farnham*, for the plaintiff.

HAMMOND, J. Upon the agreed facts the defendant Sarah P. Porter is clearly liable under St. 1910, c. 576, unless the plaintiff by taking her husband's notes discharged the debt. The burden of proving payment is upon the defendant.

The case was submitted upon an "agreed statement of facts" to the Superior Court sitting without a jury. The trial judge found that "having regard to the form of the first receipt . . . and to the fact that the effect of payment would have been to provide [deprive] the plaintiff with [of] the security which the statute gave him, the debt has not been paid."

We are of opinion that the finding is warranted by the agreed facts. While, as argued by the defendants, a negotiable note given by a debtor to his creditor for the amount of a pre-existing simple contract debt is *prima facie* deemed to be a payment or satisfaction of the debt, still this is a presumption of fact simply and may be controlled by evidence that such was not the intention of the parties. And where the note given is not the obligation of all the parties liable for the debt (*Melledge* v. *Boston Iron Co.* 5 Cush. 158, 170), or where the effect of considering the note as payment would be to deprive the creditor of some lien or other collateral security, the presumption reaches in many cases the vanishing point. *McLean* v. *Wiley*, 176 Mass. 233, and cases cited. And see *Cary Brick Co.* v. *Wheeler*, 210 Mass. 338.

*Judgment affirmed.*