BESSIE FINKELSTEIN, administratrix, *vs.* SAMUEL L. SNEIERSON.

Suffolk.   October 7, 1930. — December 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Contract*, Construction, Under seal. *Evidence*, Presumptions and burden of proof. *Payment*. *Limitations, Statute of*.

In an action of contract, begun in 1927, the plaintiff alleged in the declaration that in 1919 the defendant executed and delivered to the plaintiff a certain agreement under seal, a copy of which was annexed to the declaration, by the terms of which the defendant agreed to pay to the plaintiff a certain sum as therein set forth, and that the defendant had wholly neglected and refused to pay said sum or any part thereof. The contract recited in substance that the parties had agreed to settle and adjust an action of the plaintiff against the defendant, then pending, upon certain promissory notes, the defendant agreeing to pay the plaintiff said sum named in the declaration in monthly instalments with interest, the action to "continue from time to time upon the docket" of the court until the last of such payments was made, whereupon an entry therein should be made of judgment for the plaintiff and judgment satisfied and the plaintiff should "execute" to the defendant "and all other endorsers upon the notes in suit, a full release of all claims and demands"; and that, if the defendant should "fail to make said monthly payments," the plaintiff should "have the right to immediate judgment for the full amount of the notes sued on in said action, with all costs and interest, less any amounts which shall have been paid on account thereof as provided in this agreement." *Held*, that

    (1) The action was not upon the notes executed by the defendant, which were the subject matter of the first action, but was upon the contract under seal set out in the declaration;

    (2) A contention that the plaintiff could not recover on the pleadings could not be sustained;

    (3) The action being based on a contract under seal, the defences of want of consideration and the statute of limitations were not available to the defendant;

    (4) Considering the entire contract, it did not appear that the parties intended that the defendant's express promise to pay the sum agreed upon should be enforceable only by securing judgment in the action on the notes;

    (5) The remedy provided by the contract was not exclusive of the plaintiff's right to maintain an action for damages for breach of the agreement.

In the action above described, there was evidence, introduced by the defendant, of complete payments by the defendant under the contract. The jury found for the plaintiff. *Held*, that

(1) The burden of proving such payments was on the defendant;

(2) Since the jury had a right to disbelieve the defendant's evidence, the verdict was warranted.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 3, 1927.

On removal to the Superior Court, the action was tried before *Keating*, J. Material evidence is stated in the opinion. There was a verdict, recorded after leave reserved under G. L. c. 231, § 120, against the defendant Samuel L. Sneierson in the sum of $3,651.40. Thereafter the judge ordered the entry of a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*W. P. Murray & A. D. Diamond*, for the plaintiff.

*W. M. Blatt*, for the defendant.

CROSBY, J. The declaration alleges that the defendant on or about November 28, 1919, executed and delivered to the plaintiff a certain agreement under seal, a copy of which was annexed to the declaration, by the terms of which the defendant agreed to pay to the plaintiff the sum of $2,250 in instalments, as therein set forth; and that the defendant has wholly neglected and refused to pay said sum or any part thereof. The answer pleads a general denial, payment, absence of consideration and the statute of limitations.

The agreement upon which the action is brought reads as follows: "KNOW ALL MEN BY THESE PRESENTS That WHEREAS there is now pending in the Superior Court for the County of Suffolk, an action wherein Max Finkelstein is the plaintiff, and Samuel L. Sneierson et al are the defendants, which action is numbered 93824 on the docket of said Court, and WHEREAS the parties to said litigation have agreed to settle and adjust the same Now BE IT AGREED that the said defendant Samuel L. Sneierson in said action agrees to pay to the said plaintiff Max Finkelstein, the sum of $2250, payable $100 on the twenty-eighth day of

November, 1919, and $100 each and every month thereafter with interest, until the aforesaid sum is paid together with six per cent interest on the principal sum remaining due, until the date of said payment. The said Max Finkelstein agrees to continue from time to time upon the docket of said Court, the said action until the last payment hereinbefore provided for has been made, whereupon the said Max Finkelstein, his heirs, successors and assigns agree to and with the said Sneierson, that entry shall be made in said action, judgment for the plaintiff in the sum of $2250 without costs, and that further entry made, judgment satisfied. That upon said last payment the said Finkelstein, his heirs, successors and assigns will make and execute to the said Samuel L. Sneierson and all other endorsers upon the notes in suit, a full release of all claims and demands. Provided however, that if said Sneierson shall fail to make said monthly payments of $100 with interest, then the said Finkelstein shall have the right to immediate judgment for the full amount of the notes sued on in said action, with all costs and interest, less any amounts which shall have been paid on account thereof as provided in this agreement. IN WITNESS WHEREOF the said parties hereunto set their hands and seals this 28th day of November A.D. 1919. (Signed) Samuel L. Sneierson (Seal) (Signed) Max Finkelstein (Seal)."

At the trial in the Superior Court before a judge and jury the plaintiff testified that she was the administratrix of the estate of her husband, Max Finkelstein, and that she had often talked with him respecting the notes executed by the defendant. The plaintiff also produced as a witness a daughter of the intestate who testified that " her father had stated about six years ago that he would buy or build a house when the Sneierson matter was settled."

The defendant testified that he made payments in accordance with the terms of the agreement, occasionally making payments in amounts larger than the sum due monthly; that all payments were made by checks, the final one for $200 being delivered in December, 1921, and

on this occasion Finkelstein gave him a receipt in full; that the last six payments were made by his brother under a power of attorney authorizing him to sign checks in the name of the defendant; that all of his checks and the receipt were kept by him in a wooden box on his desk at his place of business, and were destroyed by fire in April, 1928. The defendant's brother testified to the same effect in regard to the last six payments and to the giving of the receipt by Finkelstein in December, 1921.

. The case was submitted to the jury solely upon the question of payment, the judge reserving leave to enter a verdict for the defendant if upon the questions raised, and the evidence introduced, such a verdict ought to be entered. A verdict was returned for the plaintiff for the amount set forth in the declaration, with interest; the judge, thereafter, entered a verdict for the defendant in accordance with the leave reserved. The case is before us on the plaintiff's exceptions.

The action is brought, not upon the notes executed by the defendant, but upon the agreement hereinbefore set forth. This is plain from the allegation in the declaration and the evidence presented at the trial. The defendant's contention that the plaintiff is not entitled to recover under the pleadings cannot be sustained. The action being based on a contract under seal, the defences of absence of consideration and the statute of limitations were not available to the defendant. G. L. c. 260, § 1.

The provision in the agreement, that upon the failure of the defendant to make the stipulated monthly payments Finkelstein should have the right to immediate judgment. for the amount of the notes unpaid, is the subject of the contention between the parties. The defendant argues that this clause specified the plaintiff's remedy in case of a breach, and that the remedy so given is exclusive. As to the effect of an express provision in a contract for a remedy in case of a breach, the authorities are in conflict, some holding that it is to be regarded as exclusive and others that it is to be settled by the intention of the parties as determined by a proper construction of the

agreement. Although the question is not free from diffi-
culty, we are of opinion that the remedy given under the
contract was not intended to be exclusive. The provision,
while providing a remedy for the plaintiff in case of breach
by the defendant, also served to limit his obligations under
the agreement, and to qualify his otherwise absolute prom-
ise to forbear to sue on the notes. Considering the entire
agreement, it does not appear that the parties intended
that the defendant's express promise to pay the sum agreed
upon should be enforceable only by an action on the notes.
There is no express provision in the agreement to that
effect. We are of opinion that the remedy provided was
not exclusive of the plaintiff's right to maintain an action
for damages for breach of the agreement. It was said in
*Hoffman & Place* v. *Aetna Fire Ins. Co.* 32 N. Y. 405,
at page 413, " It is a rule of law, as well as of ethics,
that where the language of a promisor may be understood
in more senses than one, it is to be interpreted in the
sense in which he had reason to suppose it was *understood*
by the promisee." We think it should not be held that it
was the intention of the parties in the present case that
the only remedy which the plaintiff should have was on
the notes. *Hunt* v. *Brown,* 146 Mass. 253. *J. L. White
Furnace Co.* v. *C. W. Miller Transfer Co.* 131 App. Div.
(N.Y.) 559. *United States* v. *United States Fidelity &
Guaranty Co.* 236 U. S. 512. *Westwater* v. *Murray,* 245
Fed. Rep. 427. *Clarke Const. Co.* v. *United States,* 290
Fed. Rep. 192. *Commercial Credit Co.* v. *Insular Motor
Corp.* 17 Fed. Rep. (2d) 896. *Wirth* v. *Lang,* 125 N. Y.
Supp. 448. *Torrey* v. *Cannon,* 171 N. C. 519. 13 C. J.
696, cases cited in note 50.

The burden of proving payment was on the defendant.
*McGregory* v. *Prescott,* 5 Cush. 67. *Swift* v. *Boyd,* 202
*Mass.* 26, 29. Although he offered evidence tending to
show that the notes had been fully paid, the jury had a
right to disbelieve that evidence in its entirety. *Linden-
baum* v. *New York, New Haven & Hartford Railroad,* 197
Mass. 314, 323. *McGourty* v. *DeMarco,* 200 Mass. 57,
59. *Cray* v. *Wells-Holmes Co. Inc.* 258 Mass. 93, 97. So

far as the cases cited by the defendant are contrary to what is here decided we are unable to follow them.

The verdict in favor of the plaintiff should have been allowed to stand.    The entry must be

> *Exceptions sustained.*
> *Verdict first returned by jury to stand.*
> *Judgment for plaintiff on verdict.*