THE FIRST NATIONAL BANK OF BOSTON *vs.* PETER CARTONI.

Suffolk.   May 13, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Accord and Satisfaction.   Payment.   Limitations, Statute of.*

Mere receipt and cashing, by the payee of a promissory note, of a check of a liquidator of a corporation, which was the maker of the note, on its funds, bearing on its face a statement that it was given in "full settlement," followed by the name of the corporation, but being in a sum less than an amount admittedly due on the note, would not warrant a finding that a guarantor of the note was discharged from liability for the balance due thereon.

Part payment by a guarantor of a debt within six years before the bringing of an action against him barred a defence of the statute of limitations although the payments were made in ignorance of partial payments previously made by a liquidator of the debtor in an ineffectual attempt to settle the entire debt.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated October 25, 1935.

The action was heard by *Good,* J., who found for the defendant.   Upon a report to the Appellate Division, judgment was ordered entered for the plaintiff.   The defendant appealed.

*F. P. Fralli,* for the defendant.

*H. Alpern,* (*L. L. Lobel* with him,) for the plaintiff.

CROSBY, J.   This is an action brought by the plaintiff to recover the amount due on a promissory note given to the American Trust Company (which the plaintiff has since taken over) by P. Cartoni Company, a corporation, and indorsed by the defendant by way of guaranty.   The plaintiff's declaration alleges that the note was indorsed in blank, the defendant waiving demand, notice and protest; that there is a balance due on said note of $1,845.   The defendant's answer contains a general denial, sets up the statute of limitations, and alleges that the plaintiff is not a holder in due course, that the note was taken by the plaintiff with-

out value, that it had previously been paid by the maker, and that the defendant was thereby discharged from liability as an indorser thereon. The trial judge denied certain requests made by the plaintiff and found for the defendant. The case was reported to the Appellate Division, which ordered judgment for the plaintiff. The defendant appeals from this decision.

There was evidence tending to show the following facts: The note was executed on or about December 23, 1927, and became due and payable March 23, 1928, but was not paid. Sometime in July, 1928, P. Cartoni Company, the maker of the note, being unable to meet its financial obligations, turned over all its assets to James T. Pugh, its attorney, who proceeded to liquidate its affairs. No common law assignment was made to him, and no creditor filed any assent in writing to liquidate the corporation and pay out its assets to its creditors. Mr. Pugh told P. P. Mason, assistant treasurer of the American Trust Company, which then held the note, that he thought the creditors would get from twenty to twenty-five per cent of their claims and that he expected "to clean up the matter in two weeks." Mason agreed to take a ratable share, and assented with Mr. Pugh to the compromise between them. On January 22, 1929, the American Trust Company through Mason wrote to the defendant telling him of this fact, and asking him to "help . . . get action from Mr. Pugh . . . ." On March 13, 1929, David J. Cohen, attorney for the American Trust Company, wrote to Mr. Pugh asking for information concerning the liquidation of the Cartoni company. On May 10, 1929, Mr. Pugh sent a check for $535 payable to the order of the trust company, which represented twenty per cent of the claim plus $35 as interest. This check was cashed by the trust company on May 11, 1929. It further appears that between this date and November 1, 1929, an agreement was reached by which the trust company was to receive $100 as a settlement of the agreed balance. On November 1, 1929, Mr. Pugh sent to Mr. Cohen as attorney for the American Trust Company a check for $100 on the face of which was written: "In full settlement P.

Cartoni Co." This check was sent by Mr. Cohen to the American Trust Company which received and cashed it on November 2, 1929, and indorsed it "Received payment American Trust Co. of Boston P. P. Mason, Asst. Treas." There was evidence that "Attorney Pugh paid to the American Trust Company $100 more than the other creditors of P. Cartoni Company, out of the remaining assets of P. Cartoni Company." Mr. Cohen did not send a voucher to Mr. Pugh, as requested by the latter in a letter accompanying this check for $100, and "neither he nor the American Trust Company informed . . . Pugh or P. Cartoni Company that the American Trust Company reserved any and all rights to hold the indorser on said note." "All these transactions took place before March 15, 1930, when the plaintiff took over the business of the American Trust Company."

The defendant testified that he made a payment of $10 to the plaintiff on December 31, 1930, and another payment of $10 on January 4, 1933; that he sent to one Onthank, who was then in charge of this alleged claim, a letter of which the following is a copy: "1/4/33 My dear Mr. Onthank: Sorry to find you out to lunch. I am enclosing ten dollars as promised. I am really sorry I cannot do better. But things so far do not improve at all. Effective January 1st we receive a cut in our salary of 5% — Lets hope for better times — Sincerely (signed) Peter Cartoni"; that on August 23, 1935, the defendant sent the following letter to Henry Alpern, counsel for the plaintiff: "Dear Sir, Replying to your letter of August 22, 1935 I state that I am unable to send a remittance by August 28, 1935. My financial obligations are numerous and heavy and I am doing my best in dividing my income among my creditors. I am not denying my obligation, and I am offering you the following plan: Under the present circumstances I cannot dispose of more than $10.00 (Ten) a month and if the Bank will accept this sum I will start my payments September 5, 1935. Later, when other bills have been paid I will increase my payments to the bank. Today I cannot do more and if you feel obliged to start suit

against me, please let me know so I can provide an attorney to represent me, because my position do not allow me the liberty to come to Boston any time I want and to obtain leave of absence requires time and lots of red-tape. Hoping that my offer is accepted, I remain   Very truly yours, (signed) Peter Cartoni."

The defendant further testified that "when he made the two payments of $10 each and when he sent the letter to Attorney Henry Alpern he did not know that the sum of $535 had been already paid by Attorney Pugh, out of the assets of P. Cartoni Company, nor did he know that the sum of $100 was later paid to the American Trust Company by Attorney Pugh, out of the assets of P. Cartoni Company, in full settlement of the claim it had against P. Cartoni Company, that he made said payments of $10 each under a mistake of fact and that he did not know of the payments by Attorney Pugh and of the settlement in full of the claim on the said note until after suit was brought and when he was notified by his counsel that the payment of $100 made by Attorney Pugh was in full settlement of the claim of the American Trust Company against P. Cartoni Company."

Apparently the trial judge found for the defendant on the ground that the transactions between Mr. Pugh and the American Trust Company constituted a discharge of liability on the part of the defendant on the note. It is settled in this Commonwealth that the payment of a lesser sum in satisfaction of a larger overdue liquidated sum does not discharge the whole debt, nor bar an action to recover the rest. *Harriman* v. *Harriman*, 12 Gray, 341. The burden of proving a discharge of liability is on the defendant. *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 300. An acceptance of a part of a sum undeniably due, although expressed to be in full settlement, is not a bar to a subsequent action for the balance. *Caragulian* v. *Rudd*, 282 Mass. 260, 261, and cases cited. It does not appear that there was any dispute as to validity of or balance due on the note. The fact that the payment was made by the check of another does not take the case out of this rule when it is manifest that the payment was made from the funds of

the debtor. *Perkins* v. *Lockwood,* 100 Mass. 249. *Curran* v. *Rummell,* 118 Mass. 482. *Emerson* v. *Gerber,* 178 Mass. 130, 133. It is plain that it could not properly be found that the note was discharged. *Harriman* v. *Harriman,* 12 Gray, 341. *Specialty Glass Co.* v. *Daley,* 172 Mass. 460.

It remains to determine whether the Appellate Division properly could order judgment for the plaintiff on the declaration. It appears from the defendant's testimony that he made two payments on account of the debt within six years before the beginning of this action. It follows that the statute of limitations commenced to run again at the time of these payments, and that the plaintiff's claim is not barred. *Rice* v. *Howland,* 147 Mass. 407. *Kennedy* v. *Drake,* 225 Mass. 303. *Turner* v. *Buttrick,* 272 Mass. 261, 264, 265. Although the defendant had no knowledge of the previous payments and the alleged settlement between Mr. Pugh and the American Trust Company, that circumstance does not prevent such payments from having this effect. But if the debt had actually been discharged a subsequent promise to pay it would not be enforceable. *Valentine* v. *Foster,* 1 Met. 520. If a debt is voluntarily released by a creditor, a subsequent promise to pay it made by the debtor is without consideration. *Hale* v. *Rice,* 124 Mass. 292. It is evident upon the facts that the debt had not been discharged, and that at the time the defendant made the payments it was enforceable against him.

The final order of the Appellate Division of "Judgment for the plaintiff on the declaration" must be affirmed.

*So ordered.*