*Western Division*

*District Court of Eastern Hampden*

### ESSO STANDARD OIL COMPANY

### v.

### CHARLES F. BATES and DOROTHY E. BATES

*Alberti, J.* This is an action of contract in which the plaintiff under Count I seeks to recover $966.90 on a check of Charles F. Bates, under Count II the sum of $780.38 on a check of the defendant, Dorothy E. Bates, and under Count III the sum of $2,008.43

for merchandise sold and delivered to the defendant, Charles F. Bates. The answer is a general denial and plea of payment.

The court made findings of fact hereinafter set forth substantially in full, as follows:

The defendant, Charles F. Bates, became a sublessee of the plaintiff's location on North Main Street, in Palmer, entered on September 14, 1951, and continued to use and occupy the premises until September 13, 1952, during which period the plaintiff sold him goods, such as gasoline, motor oil, batteries, tires, accessories and other related products to be resold in the usual course of the operation of a gasoline station, as well as many items other than those specifically set forth in its declaration; that the plaintiff maintained a running account with the defendant for all charge sales, consisting of items other than gasoline; that it was delivered on a C.O.D. basis, sales whereof appeared in the ledger account only when payment tendered was over or under the correct amount, or when a check tendered by the defendant in payment was not honored by the bank upon which the check was drawn; that periodic payments made by the defendant were credited to those particular transactions which the time and amount of the remittance would appear to identify, and not against the running balance; that the items declared on by the plaintiff were only those not balanced off by that method.

It was expressly found that the plaintiff sold to the defendant, Charles F. Bates, all of the goods and materials set forth in its declaration and at the prices therein stated; that certain items declared on were proved by evidence that the defendant extended credit to unauthorized customers.

On September 14, 1951, the plaintiff delivered gasoline to the defendant and charged him $992.80, and on same date, both defendants signed a demand note payable to the plaintiff in like amount, and at the same time, both defendants signed a so-called "pay back agreement", whereby the defendants

agreed to repay said note by remitting in cash upon each future delivery of gasoline, at the rate of one cent per gallon delivered, but not less than $82.74 a month. Later, the Plaintiff orally agreed to accept payment of said note at the rate of one-half cent a gallon.

The defendant, Dorothy E. Bates, wife of the defendant, Charles F. Bates, gave her personal check dated August 23, 1952, in the amount of $780.38 for a tank load of gasoline delivered to her husband.

Both defendants admitted that the checks declared on in Counts I and II were not honored by the bank upon which they were drawn, and have not been paid.

Without identification or explanation, the defendant introduced in evidence approximately 75 "remittance receipts" and a comparable number of copies of invoices, most of which were for gasoline delivered, but a few of which were for other goods; and that all such receipts were for the repayment of the note in accordance with the terms of the "pay back agreement". All amounts were correctly figured by the plaintiff, or its agent, and were correctly applied against said note.

The plaintiff offered in evidence as proof of Count III, a photostatic copy of its ledger sheets. Defendants' objection thereto was overruled, after determination that the entries in the ledger were made in good faith in the regular course of business and before the commencement of the action, and that they were true copies. Defendant noted his "exception."

During cross-examination of Plaintiff's witness, defendant offered in evidence the "pay back agreement" hereinbefore mentioned. Plaintiff's objection thereto was sustained and defendant noted his "exception." However, the agreement became material when the defendant introduced the remittance receipts in evidence and when then admitted was duly considered.

On cross-examination, Plaintiff's witness was asked by defendant "Do you know of any verbal allowance

agreement to Bates because of price war?" Plaintiff's objection was sustained and defendant noted his "exception." The defendant offered to prove that the witness' answer would be "Yes".

Defendant, Charles F. Bates, was asked by his own counsel, "How many gallons of gasoline did you buy from Esso during that period?" Plaintiff's objection was sustained and defendant noted his "exception."

The defendant offered to prove that he bought and sold approximately 265,000 gallons of gasoline during that period; that the plaintiff, in each invoice, had charged the defendant one cent per gallon over and above the tank wagon price; and that the defendant was entitled to a credit of approximately $2,650.00. In this connection, it was expressly found that during the whole period involved, the tank wagon price for Esso Extra, 17.1 cents per gallon; that the price charged in each invoice was at that rate, and that instead of a credit, the defendant was obliged to pay in cash one cent (subsequently changed to one-half cent) per gallon over and above said rates by virtue of the "pay back agreement".

Defendant offered in evidence a lease agreement between the parties. Plaintiff's objection was sustained and defendants' "exception" noted.

Defendant offered in evidence a conditional sales agreement between the parties; plaintiff's objection was sustained and defendant's "exception" noted.

Defendant was asked by his counsel, "Did you have additional receipts totaling about $1,325.00?" Plaintiff's objection sustained and defendant's "exception" noted.

In this connection, the defendant offered to prove that he had lost receipts totaling that amount. After comparing and examining the invoices, copies and remittance receipts introduced by the defendant, it was found that there were few, if any, receipts that could have been lost.

The defendant filed twenty-two (22) requests for rulings. Requests numbered 1, 2, 3, 4, 7, 9, 11, 12,

13, 14, 18, 19, 20 and 22 were denied. They are hereinafter set forth in full. Requests numbered 5, 6, 8, 10, 15, 17, 21 were allowed, and are not set forth herein.

The requests for rulings which were denied are as follows:

1. There is no evidence to warrant a finding for the plaintiff.

2. The evidence warrants a finding for the defendant.

3. There is evidence to warrant a finding that the plaintiff has failed to sustain the burden of proof.

4. The evidence warrants a finding that the defendants have sustained the burden of proof in this action.

7. The ledger sheet admitted in evidence over the objection of the defendants is not a copy of the account.

9. Where money is paid by a debtor between whom there is an account and the creditor thereafter brings suit not on the account, but for some of the items which were a part of that account and the creditor applies that money to other items which were a part of the account, then the burden is on the creditor to show that the charges against which the money or monies were applied were proper charges.

11. The ledger sheet was admitted in evidence after counsel for the plaintiff represented to the court that there were in the court all the original sales slips mentioned in the ledger sheet. The fact that the original sales slips for those charges contained in the ledger sheet and not on Schedule "C" were not in court then made the ledger sheet improper and inadmissable as the preliminary finding could not have been made.

12. A payment made on an account current or book account in the absence of an appropriation by the parties, is to be applied to the earlier items of the account, although for some of these the creditor has a lien and has none for the others.

13. A creditor has no right where a payment has been made on an account to apply that payment to any particular charge and thus block inquiry as to the

correctness of that charge by saying that it has been paid and that he is not suing for that particular item.

14. Where a creditor applies money that has been paid to him by a debtor and he applies that on a charge against that debtor, he must be prepared to show the correctness of the charge.

18. The plaintiff alleges in its declaration in Count I that no payments have been made on the check for $966.90. This is a check given for gas, this allegation is denied, and the plaintiff has the burden of proof that payments were not made on the check which in turn throws the burden on the plaintiff to show what happened to the one cent a gallon paid in addition to the applicable price as per the agreement of September 14, 1951.

19. Where there are three accounts between the parties and cross entries between these three accounts, the debtor is entitled to examine on each and every item in each of the three accounts. And where payments have been made on one account and credited on another, the burden is upon the creditor to prove that the charge in the said other account was a proper and true charge.

20. The debtor in such a case is entitled to show that the charges on the ledger are not the same as the charges on the sales slips and that certain credits to which the debtor is entitled were not carried to the ledger sheets.

22. Excess payments made on the purchase of gas to be applied on a note until paid and which continued after the said note had been paid may be shown under the answer of general denial and plea of payment.

In view of the court's findings (a) as to the manner of charging and the items charged in the ledger account, (b) that the plaintiff sold the defendant, Charles F. Bates, all of the goods and materials set forth in the declaration, (c) that the defendant, Dorothy E. Bates, gave a check for the mentioned amount, and that it was dishonored and not paid, and (d) that the check of the defendant, Charles F. Bates, which was admitted to have been given, was

dishonored and not paid, it cannot be said that the court erred in denying Requests No. 1, 2, 3, and 4.

Nor was there error in the court's refusal to grant Requests No. 7 and 11, since the photostatic copy of the ledger sheet, in view of its finding that the ledger was made in good faith, in the regular course of business, before the commencement of the action, and that it was a true copy, was clearly admissible. G. L. c. 233, §§78 and 79E. See *Rockport Granite Co. v. Plum Island Beach Co.*, 248 Mass. 290, 295, which held that a ledger card was justifiably excluded because the offer of proof did not comply with the requirement of §78. If nothing to the contrary appears, the admission of book entries implies a finding of the facts prerequisite to their admission. *Bendett v. Bendett*, 315 Mass. 59; *Sellew v. Tuttle's Millinery*, 319 Mass. 368.

Requests No. 9, 12, 13, 14 and 19 are susceptible of being grouped together. There was no error in their denial. A debtor making payment on a running account has the right to dictate the item to which it shall be credited, but in the absence of any direction, the creditor may apply it to the earliest charges. The defendant could not for the first time at the trial object to and take issue with the manner in which and the purchases to which, payments as and when made, were applied.

If Request No. 18 had been granted, the result in substance would have been that the defendant would have relieved himself of the burden which a payor has of showing payment of a note or check which he has uttered. He has that burden and cannot shift it. A mere allegation of fact in a request, coupled with an assumption in such request that the allegation is correct, does not shift the burden of proof, in the face of specific findings that the facts alleged and assumed are not true. The court found on this issue that all amounts had been figured correctly and had been correctly applied. *First National Bank of Boston*

*v. Cartoni,* 295 Mass. 75, 78; *Rosenblatt v. Holstein Rubber Co.,* 281 Mass. 297, 300.

Requests No. 20 and 22, as well as Request No. 19, were properly denied, since they were predicated on allegations not found as facts.

The defendants' "exceptions" to the court's exclusion of the questions havings to do with the verbal allowance agreement, with the number of gallons bought and sold by the parties, as well as the "pay back agreement", in view of the court's findings on these points to the effect (a) that gasoline was sold on a cash on delivery basis, (b) that the various charges made therefor were unprotested, and in fact the tank wagon prices, and (c) that the verbal allowance was to continue for such period as it was necessary to keep the plaintiff in a competitive position, cannot be sustained. Moreover, as appears, the so-called "pay back agreement" was finally admitted.

As to the court's action with reference to the so-called Lease agreement and conditional sales agreement, we fail to see how, in view of the pleadings, they were material.

The exclusion of the plaintiff's question as to alleged lost receipts was not prejudicial error in view of the court's specific finding that it examined all invoices, copies, and remittance receipts, and concluded that few, if any, receipts could have been lost.

*We find no error.*