*Northern District*

No. 5761
**TRUSIANA SCIRE, ALIAS**
v.
**FRANK R. SCIRE**
October 3, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Eno, J.* in the Second District Court of Eastern Middlesex. No. 4962 of 1962.

*Parker, J.* This is an action of contract brought by the former wife of the defendant, on an execution issued from the Middlesex Probate Court on 27 April 1943 for the amount of $1250.00 with interest. The defendant's answer is a general denial and payment. The court found for the defendant and the plaintiff requested this report.

*The evidence of the plaintiff, not contradicted, was as follows:*—Subsequent to the issuance, 27 April 1943, of the execution, the defendant continued to be in arrears in the payments for the support of the plaintiff and their minor child, and the plaintiff brought actions in the District Court against the defendant for non-support, and in one such proceeding in the Superior Court, the defendant had been found guilty and sentenced. From the date of the execution to the end of 1954, the defendant's arrears of payments on the Probate Court order, exclusive of the amount

of the execution, were in excess of $5600.00. In April of 1945, the plaintiff secured the services of Fergus W. Griffin as counsel, and he represented her until his death, which occurred subsequent to 23 October 1956.

From other evidence reported, it could be found that Mr. Griffin entered an appearance for the plaintiff in a divorce action brought by the defendant against her, and that on 30 August 1956, he withdrew his appearance, and subsequently on 23 October 1956, the defendant was granted a divorce decree.

The plaintiff testified that Mr. Griffin informed her that he had settled and compromised the debt for $1800.00, in accordance with his instructions, and he remitted her the proceeds of the settlement. The plaintiff took no steps to act on the execution until the bringing of this suit 29 October 1962.

The evidence was uncontradicted that the defendant's attorney was authorized by the defendant to negotiate with Mr. Griffin for money troubles with his wife, and that the defendant was never present at any negotiation, except on one occasion.

The execution, bearing no endorsement of payment in whole or in part, was admitted in evidence. The plaintiff testified that she was always in possession of the execution, except for one or two times when her attorney told her he needed it for certain legal proceedings against her husband, and thereafter it was redelivered to her.

*There was introduced in evidence* a receipt,

written in long-hand for $1250.00, dated 7 September 1955, from Frank Scire "as per compromise agreement" and purporting to be signed by Mr. Griffin as attorney. Also introduced in evidence were two promissory notes, signed by the defendant, both dated 7 November 1955, and both for the sum of $550.00, payable to Mr. Griffin for, and on behalf of Trusiana Scire and/or Richard Scire. One of these notes was marked "Cancelled F. W. Griffin, Atty. for Trusiana Scire", and the other marked "Cancelled. Payment acknowledged on behalf of Trusiana Scire, F. W. Griffin, Attorney". In addition to these three papers, a long-hand receipt, under the date of 16 July 1956 for $50.00 in cash and a check for $500.00, "being the total amount due as contained in a promissory note dated November 7, 1955, in re: matter of Trusiana Scire (releasing all rights or claims to date)".

The court found as above up until 7 November 1955. The court's findings from then on are as follows:—

"On or about November 7, 1955, a compromise agreement was made by her said attorney, F. W. Griffin by the terms of which the defendant would pay $1250.00 and she would withdraw her appearance in the said divorce action.

This is the amount of the execution for which the suit is brought.

Her attorney withdrew his appearance in the divorce action and a divorce was granted to the husband.

Later the defendant paid to Attorney Griffin the full amount of the compromise agreement and said Attorney Griffin paid it to the plaintiff.

I find that Attorney Griffin had implied, if not the express authority, to settle the money questions between these parties, and that he paid to her the amount of the settlement.

The plaintiff testified that she always had possession of the execution. This I do not believe. She probably obtained it from the office of her attorney after his death.

I find that said execution was paid in full."

The court allowed the plaintiff's request #1 which reads as follows:—"There is sufficient evidence to warrant a finding for the plaintiff"; but found for the defendant thereon as a matter of fact.

 The defendant rests his case on payment of the execution. On this point, the report fails to sustain the defendant's contention. Payment is an affirmative defense and the burden of proof is on the defendant to establish this. *Finkelstein v. Sneierson,* 273 Mass. 424, 428; *Baldwin v. Porter,* 217 Mass. 15, 17; *Burnham v. Allen,* 1 Gray 496, 502. What the settlement was, is not made out by the report, and one is left to conjecture. The burden of proving a discharge of liability is on the defendant. *First Nat. Bank of Boston v. Cartoni,* 295 Mass. 75, 78.

 Further, there is no evidence of specific authority given by the plaintiff to her attorney to settle the execution for a lesser amount than the execution, which the

law requires. *Vaughn v. Robbins,* 254 Mass. 35, 36; *Hahn v. Loker,* 229 Mass. 363, 365; *Lewis v. Gamage,* 1 Pick 347, 351.

No action was taken by counsel for the defendant to secure the proper return of the execution under the provisions of G. L. c. 235, §17, if it was satisfied. However, the plaintiff's action comes too late. The divorce decree was granted 23 October 1956, and payments on the settlement of $1800.00 were begun 7 September 1955, and completed 16 July 1956. The report does not give the date of the death of Mr. Griffin, plaintiff's counsel, in these proceedings, but it obviously occurred sometime after October 1956. The report shows that Mr. Griffin remitted to the plaintiff the proceeds of this settlement. The plaintiff took no action until the bringing of this suit on 29 October 1962, six years after the payment of the $1800.00 by the defendant, and after his counsel withdrew his appearance in the divorce proceeding. During this six year period, the plaintiff, if what she had received was not what she had authorized, should and would have taken action to disaffirm the settlement made by her counsel. The report does not show that the plaintiff was not informed of the proceedings or that previous to this action had manifested any dissatisfaction. It was her duty, if dissatisfied, to express her disaffirmance within a reasonable time, and to notify the parties who relied on the settlement. It is now to late for her to disavow what was honestly done on her

behalf and for her benefit. *Bryant v. Rich's Grill*, 216 Mass. 344, 350.

We find no error in the denial of the plaintiff's request #2 which reads as follows:

> "2. The evidence does not warrant a finding for the defendant".

The plaintiff's requests for rulings #3, 4, 5, 8, 9, and 10 read as follows:—

> "3. An attorney does not have authority, except by the express authority of his client, to discharge a judgment in favor of his client on payment of a sum less than the amount of the judgment.
>
> 4. Any agreement to compromise or settle and discharge the obligation on the judgment and execution declared upon for a sum less than due thereon, if made by the plaintiff's attorney without her authority and consent, is not binding on the plaintiff.
>
> 5. There is no evidence that the attorney for the plaintiff at the time of the alleged settlement and compromise ever had the authority of the plaintiff to settle or compromise the judgment and execution declared upon.
>
> 8. The defendant and his attorney had a duty to ascertain as a certainty whether the plaintiff's attorney had the authority of his client to bind her by any compromise or settlement of the execution declared upon.
>
> 9. There is no evidence that the defendant or his attorney did make an effort to determine whether the plaintiff's attorney had the

authority of the plaintiff to settle or compromise the amount due on the execution declared upon.

10. If the court finds that the defendant and his attorney did not make an effort to determine whether the plaintiff's attorney had the plaintiff's authorization to settle or compromise the amount due on the execution, then they acted at their peril".

While these requests state correct principles of law, in view of the lateness of the plaintiff's action, they have become immaterial, and so there is no error in their denial.

There was no error in the denial of the plaintiff's request #6, which reads as follows:—

"If the court finds that at the time the alleged settlement and compromise, the plaintiff had physical possession and control of the execution, such a finding would be evidence that she never authorized a compromise and settlement."

Since the plaintiff did not express her disaffirmance of the settlement which was remitted to her within a reasonable time, it is too late for her to disavow the settlement.

The plaintiff's request #7 reads as follows:—

"7. The evidence warrants a finding that any money paid to the plaintiff's attorney was a settlement and compromise of an existing debt other than that which was due on the judgment and execution declared upon".

There was no prejudicial error in the denial of this request, in view of the lateness of the plaintiff's action. (see supra).

*The report will be dismissed.*

Samuel S. Lowen, of Boston, for the Plaintiff.

Piscopo & Piscopo, of Boston, for the Defendant.